**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY HAMILTON,

    Defendant - Appellant.

No. 19-2136
(D.C. No. 1:18-MJ-02490-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Mr. Gregory Hamilton was driving on federal lands when he had a car accident after consuming alcohol. He was ultimately convicted of two misdemeanors: (1) driving under the influence on federal lands and (2) unsafely operating a motor vehicle on federal lands. Mr. Hamilton

---

[*]    Oral argument would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

challenges the convictions based on insufficiency of the evidence. We affirm.

## 1. Standard for Sufficiency of the Evidence

We conduct de novo review, applying the same standard that governed in district court. *United States v. Flanders*, 491 F.3d 1197, 1207 (10th Cir. 2007). The district court was to view the evidence and reasonable inferences favorably to the government and determine whether a fact finder could rationally find guilt beyond a reasonable doubt. *United States v. Cope*, 676 F.3d 1219, 1225 (10th Cir. 2012).

## 2. Driving Under the Influence of Alcohol

To obtain a conviction for driving under the influence of alcohol, the government had to prove that Mr. Hamilton

- was operating a motor vehicle

- while under the influence of alcohol to a degree that rendered him unable to safely operate a vehicle

- on federal lands administered by the National Park Service.

*See United States v. Atkinson*, 128 F. App'x 64, 65 (10th Cir. 2005) (unpublished).[1] Mr. Hamilton does not challenge the sufficiency of evidence that he was driving a motor vehicle on federal lands administered by the National Park Service. He instead confines his challenge to the

---

[1] Although *Atkinson* is not precedential, we regard it as a persuasive statement of the elements.

2

sufficiency of evidence that he was under the influence of alcohol to a degree that he couldn't safely operate a vehicle.

Mr. Hamilton argues that the government needed to prove that his blood-alcohol content was 0.08% or higher. We disagree. The crime is governed by 36 C.F.R. § 4.23(a)(1), and it does not provide a minimum blood-alcohol content. A separate offense (governed by § 4.23(a)(2)) requires a blood-alcohol content of 0.08% or higher. But the law elsewhere states that if the driver's blood-alcohol content is lower than 0.08%, "this fact does not give rise to any presumption that the operator . . . is not under the influence of alcohol." 36 C.F.R. § 4.23(d)(1). So "§ 4.23(a)(1) does not require the government to prove the defendant's blood alcohol level." *United States v. Smith*, 701 F.3d 1002, 1005 (4th Cir. 2012).

Though the evidence didn't include testing of Mr. Hamilton's blood-alcohol content, the government presented substantial evidence of intoxication. A ranger testified that he had

- heard Mr. Hamilton speak with slurred speech,

- smelled alcohol on his breath,

- observed that his eyes were bloodshot, and

- seen him drive into a parked jeep, nearly collide with a second car, and perform poorly on multiple field sobriety tests.

Mr. Hamilton also acknowledged that he had consumed two beers. And when the ranger asked Mr. Hamilton if he was okay, he responded by

3

asking what had happened. This combination of evidence could permit a reasonable finding that Mr. Hamilton had consumed enough alcohol to prevent him from driving safely.

Mr. Hamilton points to various opinions interpreting the phrase "under the influence" as "intoxicated" or "drunk." But none of these cases involve § 4.23(a)(1). This section defines being "under the influence" as having consumed enough alcohol to render the driver "incapable of safe operation." 36 C.F.R. § 4.23(a)(1). We must interpret the regulatory language rather than apply opinions interpreting other statutory definitions of "under the influence." Applying the regulatory language, we conclude that the fact finder could rationally find that Mr. Hamilton had consumed enough alcohol to render him unable to safely operate a vehicle.

**3.    Unsafe Operation of a Motor Vehicle**

The evidence was also sufficient to support the conviction of unsafely operating a motor vehicle. Mr. Hamilton was driving about five miles per hour when he hit one vehicle and nearly hit another. After the accident, Mr. Hamilton asked the ranger what had happened. And, as noted above, the ranger testified that Mr. Hamilton had performed poorly on

4

multiple field sobriety tests. In these circumstances, a reasonable fact finder could find that Mr. Hamilton had unsafely operated a motor vehicle.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge